**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-584-FDW**

| | | |
|---|---|---|
| **CURTIS SHULER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **W. HARGRAVE,** | ) | |
| **J. ATWATER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on a review of Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

## I.      BACKGROUND

      According to the website of the North Carolina Department of Public Safety (DPS), Plaintiff is a prisoner of the State of North Carolina following his conviction for murder in the first degree (principal). Plaintiff was convicted in Cumberland County and sentenced to a term of 80-years' imprisonment; Plaintiff's projected release date is November 15, 2055.

      In his pro se complaint, Plaintiff raises fantastical claims regarding the defendants' confiscation of his mail in an effort "to suppress information from Congress about a governmental conspiracy and prevent his efforts toward seeking relief under the First Amendment.[1] The letters in question were addressed to: President Barack Obama; the Chairman of the House Judiciary Committee c/o Congressman Nancy Pelosi; Supreme Court Justice John

---

[1] Plaintiff identifies Defendant Hargrave as the Superintendent of Lanesboro Correctional Institution, where Petitioner is presently housed, and Defendant Atwater as the Mailroom Supervisor. (Doc. No. 1 at 4).

G. Roberts; and USA Today's Chairman David L. Hunke and President-Publisher Larry Kramer.

. . ." (Doc. No. 1 at 6). Plaintiff continues,

> A brief and concise summarization of what these documents unfold, is that Defendants are actually cogwheels in the machinery of a huge political fence, originally constructed by former President George W. Bush to protect himself from being publicly exposed and impeached as one out of a number of co-conspirators involved in the cover-up of Plaintiff's false imprisonment. And then in order to maintain the fence and save his image and legacy from ruin-after leaving office, he later betrayed the GOP under the pressures of "BLACKMAIL" by "President Obama and a party of Democrats." For protection fees, he agreed to their demands that he persuade Chief Justice Roberts – a Bush appointee, to become the Court's surprising "swing vote" which upheld the law called "Obamacare." So in truth, the Court's decision was the product of political intrigue, judicial corruption at its topmost level, and a cunning White House fraud committed against the body and soul of the "American People," which fooled the whole world. As such, the sum and substance of these political crimes can only be contained and expressed in one word. IMPEACHMENT!

(Doc. No. 1 at 7-8) (emphasis in original).

In his claim for relief, Plaintiff requests an award of $20,000,000 in compensatory damages against each defendant; punitive damages in the amount of $20,000,000 against each defendant, and a jury trial on all issues. (Id. at 9).

## II.    STANDARD OF REVIEW

Because Plaintiff is pro se and seeks to proceed without prepayment of costs or fees, the Court must examine the complaint and attachments to determine to whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious or that it fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  A pro se complaint must be

construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. <u>See</u> <u>Maine v. Thiboutot</u>, 448 U.S. 1 (1980); <u>see also</u> <u>Gonzaga University v. Doe</u>, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); <u>Golden State Transit Corp. v. City of Los Angeles</u>, 493 U.S. 103, 107-08, n.4 (1989) (A "claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.") (internal citation omitted).

## III.    DISCUSSION

In his complaint, acknowledges that he has had three § 1983 complaints — which he filed in this district while he was a prisoner of the State of North Carolina and *in forma pauperis* — that were dismissed as either frivolous, malicious or for failure to state a claim under 28 U.S.C. § 1915. (Doc. No. 1 at 5). The Prisoner Litigation Reform Act (PLRA) provides little discretion to the district courts to entertain a complaint from a prisoner with Plaintiff's filing history. The PLRA provides,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In Case No. 3:10-cv-254-GCM, Plaintiff was allowed to proceed *in forma pauperis* in a Section 1983 action. Plaintiff argued that his right to the free flow of incoming and outgoing mail, as protected by the First Amendment, was being violated. The Court disagreed and dismissed the complaint for failure to state a claim. (Doc. No. 5). The Court also noted that Plaintiff had a case dismissed in the Eastern District which involved mail interference.[2] (Id. at 2 n.1). Plaintiff appealed from the order of dismissal to the United States Court of Appeals for the Fourth Circuit and the district court's order was affirmed. Shuler v. Neely, 399 F. App'x 840 (4th Cir. 2010) (unpublished). Petitioner did not seek review from the Supreme Court and that case is therefore final.

In Case No. 3:11-cv-182-RJC, the Court found that Plaintiff's allegations that the named-defendants had hand selected officers to serve him "poisoned meals contaminated with pathogenic salmonella substances so that he would be stricken and die from typhoid fever" was fantastic and delusional. (Doc. No. 2 at 3). Plaintiff's complaint was dismissed for failure to state a claim under § 1915A(b)(1). Plaintiff filed a notice of appeal from the Court's order of dismissal to the Fourth Circuit and the district court's order was affirmed in a per curiam opinion. Shuler v. Neely, 445 F. App'x 682 (4th Cir. 2011) (unpublished). On March 5, 2012, the Supreme Court denied his petition for a writ of certiorari. Shuler v. Neely, 132 S. Ct. 1716 (2012). This case is likewise final.

On October 22, 2012, Plaintiff filed another Section 1983 complaint in this district naming Defendant Atwater yet again and he renewed his arguments regarding interception of his

---

[2] See Case No. 5:08-ct-03088-BO (E.D.N.C. Apr. 29, 2010).

mail by state actors. Further, Plaintiff raised claims regarding a grand conspiracy among federal

and state actors to dispose of him through food poisoning or some other sinister assassination

plot. This case was dismissed on November 26, 2012 for failure to state a claim, after the Court

found that Plaintiff's claims were "fantastic" and "delusional." The district court also noted

Plaintiff's dismissed case in the Eastern District in Case No. 5:08-ct-03088-BO. (Case No. 3:12-

cv-695-RJC, Doc. No. 6 at 2). Petitioner presently has an appeal from this order of dismissal that

is pending before the Fourth Circuit as of November 6, 2013. Shuler v. Parsons, No. 12-8142

(4th Cir. Dec. 24, 2012). Therefore, this case is not final.

In Case No. 5:08-ct-03088-BO, the district court in the Eastern District of North Carolina

(Western Division) granted summary judgment in favor of the defendants. Plaintiff raised

allegations that his mail was being unlawfully interfered with by prison officials. The district

court specifically noted that "[t]he allegations before the court fail to state a constitutional claim.

Plaintiff's allegations are very confusing and rambling." The court then concluded that Plaintiff

had provided no evidence to substantiate his claim regarding intercepted, diverted or delayed

mail. (Doc. No. 27 at 2). Plaintiff appealed to the Fourth Circuit and the district court's order of

dismissal was affirmed in a per curiam opinion. Shuler v. Vaughn, 390 F. App'x 234 (4th Cir.

2010) (unpublished). Plaintiff did not seek review from the Supreme Court, therefore this case is

final.

Thus, two cases from this district — which were dismissed for failure to state a claim

under the PLRA — are final. See (Case Nos. 3:10-cv-254-GCM and 3:11-cv-182-RJC). And, the

Section 1983 case from the Eastern District was dismissed, albeit at the summary judgment

stage, for failure to state a constitutional claim for relief. The Court finds that based on the

district court's determination in 5:08-cr-03088-BO, this dismissal should qualify as a strike under the PLRA. <u>See</u> <u>Blakely v. Wards</u>, __ F.3d __, 2013 WL 5718441 (4th Cir. Oct. 22, 2013) (en banc) (Blakely argued that a dismissal at the summary judgment stage should not count as a strike. The majority disagreed holding: "But neither the statute itself nor precedent supports Blakely's contention. Rather, the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g))." The district court in the Eastern District plainly found that Plaintiff had failed to present any evidence to support his allegations regarding mail interference and that he had failed to state a constitutional claim.

## IV.    CONCLUSION

The one escape from the PLRA's prohibition on civil actions filed by prisoners *in forma pauperis* exists when a plaintiff can show that he is under imminent risk of physical danger. Based on the fantastic claims in his complaint, the Court finds that Plaintiff can make no credible claim that he is under imminent risk of physical danger thus he has failed to demonstrate he is entitled to proceed with this action without prepayment of fees or costs. Based on Plaintiff's affidavit in support of his effort to proceed *in forma pauperis*, in which he avers that he has no money, (Doc. No. 2), and the balance reflected in his prisoner trust account, (Doc. No. 4), it appears that Plaintiff does not have sufficient funds to proceed at this time. Therefore, the Court will dismiss this action without prejudice to Plaintiff's ability to re-file the complaint upon submission of the $400 filing fee. For the foregoing reasons, the Court finds that this action should be dismissed.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

(Doc. No. 1).

The Clerk of Court is respectfully directed to close this case.

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge